Charla DUKE, Appellant,

v.

Emory LANGDON, as Regional Counsel, Western Region, Office of the Chief Counsel, Internal Revenue Service, Department of the Treasury, United States of America, James Booher, Lamont Olsen, John E. Lahart, Jr., Appellees.

No. 81–4588.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 1982.

Decided Jan. 4, 1983.

Opinion Filed on Petition for Rehearing March 16, 1983.

Matthew A. Coles, San Francisco, Cal., argued, for appellant; Mary C. Dunlap, San Francisco, Cal., on brief.

Deborah Seymour, San Francisco, Cal., for appellees.

Before KILKENNY, Senior Circuit Judge, FLETCHER, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Appellant Duke's petition for rehearing is granted, and the opinion previously filed is supplemented as follows:

Ms. Duke contends that the IRS failed to afford the process due her in terminating her employment for unsatisfactory performance. She contends that section 522 of the Internal Revenue Service Manual 0431 and chapter 1, section 10, and chapter 6 of Order 1221.1A, Office of the Chief Counsel, establish procedures prerequisite to her termination on the basis of various theories. The lower court dismissed this claim for failure to state a cause of action. We affirm.

■ Ms. Duke states no claim under the due process clause of the fifth amendment. As a probationary employee, Ms. Duke can assert no "legitimate claim of entitlement" to continued employment, and thus has no property interest cognizable under the fifth amendment. *Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). Nor does she allege any stigma or injury to her reputation beyond that inherent in any termination for cause that would invoke a cognizable liberty interest. *See Roth,* 408 U.S. at 574 n. 13, 92 S.Ct. at 2707 n. 13; *Davis v. Oregon State University,* 591 F.2d 493, 498 (9th Cir.1979).

■ Ms. Duke also asserts that the procedures she cites formed part of an implied contract of employment between her and the IRS. She contends that jurisdiction is grounded for this claim on 28 U.S.C. § 1346(a) which provides jurisdiction in federal court over suits against the United States founded on implied contracts. The Supreme Court held in *Army & Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982) that this statute does not provide jurisdiction for suits implying a contract based solely on personnel regulations which do not specifically authorize awards of money damages. Therefore Ms. Duke's implied contract claim was also rightly dismissed.

■ Examining the provisions cited by Ms. Duke applicable to her as a probationary employee, we fail to discover an actionable deficiency in the procedures used in Ms. Duke's termination under any theory of law. Ms. Duke was timely apprised of her weaknesses and her need to improve the quantity and quality of her work. The onus was as much on her as on the IRS to ensure that her performance improved sufficiently to warrant continued employment.

■ We note finally that the provisions cited by Ms. Duke are not statutory nor are they regulations having the force of law as in *Kelly v. Railroad Retirement Board,* 625 F.2d 486 (3d Cir.1980); *Athas v. United States,* 597 F.2d 722, 220 Ct.Cl. 96 (Ct.Cl. 1979); and *Mabey v. Reagan,* 537 F.2d 1036 (9th Cir.1976). Rather these are excerpts from internal agency manuals and internal instructions designed to aid supervisors in dealing with ineffective employees. We do not believe that these provisions were meant to protect an ineffective employee or that failure to follow these instructions to the letter provides such an employee a cause of action. *See Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). If we allow such a cause of action, "then the Government is put 'at risk that every alleged failure by an agent to follow instructions to the last detail'" would lead to litigation. *Schweiker v. Hansen,* 450 U.S. at 789–90, 101 S.Ct. at 1471.

Accordingly, we hold that Ms. Duke received all the process due her and the lower court's dismissal of Ms. Duke's cause of action is affirmed.

AFFIRMED.

KILKENNY, J., concurs subject to his special concurrence reported at 695 F.2d 1136, 1137–38 (9th Cir.1983).